# 22-757-cr

# 21-2563-cr

IN THE

# United States Court of Appeals

FOR THE SECOND CIRCUIT

UNITED STATES OF AMERICA,

*Appellee,*

vs.

NICHOLAS TURNQUIST,

*Defendant-Appellant.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

## JOINT APPENDIX

## VOLUME III of III (Pages A-408 to A-459)

U.S. ATTORNEY'S OFFICE – WESTERN
  DISTRICT OF NEW YORK
PAUL E. BONANNO, ESQ.
MONICA J. RICHARDS, ESQ.
*Attorneys for Plaintiff-Appellee*
138 Delaware Avenue
Buffalo, New York 14202
Telephone: (716) 843-5800
Email: paul.bonanno@usdoj.gov
    monica.richards@usdoj.gov

SINGER LEGAL PLLC
ROBERT C. SINGER, ESQ.
*Attorneys for Defendant-Appellant Nicholas
  Turnquist*
80 East Spring Street
Williamsville, New York 14221
Telephone: (716) 222-3288
Email: rob@singerlegalpllc.com

# TABLE OF CONTENTS

<u>Page</u>

## VOLUME I

Docket Sheet ............................................................................................... A-1

Criminal Complaint ..................................................................................... A-7

Order of Detention dated November 6, 2020 ............................................ A-18

Indictment dated February 3, 2021 ........................................................... A-20

Order of Detention dated February 25, 2021 ............................................ A-22

Defendant's Motion for Release from Custody dated August 21, 2021 .................. A-24
    Attorney Declaration ............................................................. A-26
    Exhibit A ............................................................................. A-42
    Exhibit B ............................................................................. A-55
    Exhibit C ............................................................................. A-72
    Exhibit D ............................................................................. A-90
    Exhibit E ............................................................................. A-93
    Exhibit F ............................................................................. A-101

Government's Response in Opposition Defendant's Motion for
Release from Custody, dated August 26, 2021 ........................................... A-103
    Exhibit A ............................................................................. A-115
    Exhibit B ............................................................................. A-120
    Exhibit C ............................................................................. A-125
    Exhibit D ............................................................................. A-127
    Exhibit E ............................................................................. A-130

Defendants Amended Motion (adding Speedy Trial Exclusion), Motion
for Extension of Time to File Reply to Government's Response in
Opposition to Release, and Motion to Adjourn Detention Hearing,
dated August 30, 2021 ................................................................................. A-142

# TABLE OF CONTENTS (cont.)

Page

Defendant's Reply to Government's Opposition to Defendant's Motion
    for Release from Custody, dated September 3, 2021 .................................. A-144
        Exhibit G ............................................................................. A-151
        Exhibit H ............................................................................. A-271
Defendant's Second Motion for Release from Custody, Motion to Seal
    Document (Exhibit I to Declaration), and Motion to Expedite
    Hearing on Motion dated August 13, 2021 ................................... A-272
        Attorney Declaration ........................................................... A-274

## VOLUME II

Government's Response in Opposition Defendant's Second Motion for
    Release from Custody, dated September 16, 2021 ........................................ A-279

Defendant's Reply to Government's Opposition to Defendant's Second
    Motion for Release from Custody, dated September 17, 2021 .................. A-286

Transcript of Proceedings (Bail Hearing) as to Defendant held
    on September 9, 2021 before Magistrate Judge McCarthy ......................... A-289

Transcript of Proceedings (Bail Hearing) as to Defendant held
    on September 17, 2021 before Magistrate Judge McCarthy ....................... A-309

Government's Appeal of Magistrate Judge McCarthy's Bail Decision
    to District Judge Sinatra, dated September 22, 2021 ................................... A-334
        Memorandum in Support ................................................... A-336
        Exhibit A ............................................................................. A-289
        Exhibit B ............................................................................. A-309
        Exhibit C ...................................................................... A-42, A-55
        Exhibit D ............................................................................. A-349
        Exhibit E ............................................................................. A-353

Defendant's Opposition to Government's Appeal of Magistrate Judge
    McCarthy's Bail Decision, dated September 24, 2021 ................................ A-358
        Exhibit I ............................................................................... A-371
        Exhibit J ............................................................................... A-372

# TABLE OF CONTENTS (cont.)

Page

Government's Reply to Defendant's Opposition to Government's
    Appeal of Magistrate Judge McCarthy's Bail Decision, dated
    September 29, 2021 ........................................................................ A-373
        Exhibit A ...................................................................... A-378

Transcript of Proceedings (Bail Appeal) held on September 30, 2021,
    before District Judge Sinatra .................................................. A-381

Defendant's Notice of Appeal (Interlocutory), dated October 11, 2021 ............. A-407

## VOLUME III

Updated Docket Sheet ........................................................................ A-408

Superseding Indictment, dated March 8, 2022 ......................................... A-423

Order holding Appeal No. 21-2563 in Abeyance & Cancelling Oral
    Argument, dated March 11, 2022 ......................................... A-427

Excerpt of Transcript of Proceedings (Detention Hearing) held on
    March 29, 2022, before District Judge Sinatra .................................. A-428

Defendant's Notice of Appeal (Interlocutory), dated April 5, 2022 ...................... A-448

Update Letter to Court re: Appeal No. 21-2563, dated April 12, 2022 ................. A-449

Unopposed Motion to Consolidate Appeal Nos. 21-2563 & 22-757,
    dated April 20, 2022 ........................................................... A-450

**A-408**

Case 22-757, Document 1, 04/13/2022, 3304954, Page5 of 56

# U.S. DISTRICT COURT
## U.S. District Court, Western District of New York (Buffalo)
## CRIMINAL DOCKET FOR CASE #: 1:21-cr-00015-JLS-JJM-1

Case title: USA v. Turnquist

Date Filed: 02/03/2021

Magistrate judge case number: 1:20-mj-01156-JJM

Assigned to: Hon. John L. Sinatra, Jr.
Referred to: Hon. Jeremiah J. McCarthy

**Defendant (1)**

**Nicholas Turnquist**

represented by **Robert Charles Singer**
Singer Legal PLLC
80 East Spring Street
Williamsville, NY 14221
716-222-3288
Email: rob@singerlegalpllc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Designation: CJA Appointment*

**Fonda Dawn Kubiak**
Federal Public Defender
300 Pearl Street
Suite 200
Buffalo, NY 14202
716-551-3341
Email: fonda_kubiak@fd.org
*TERMINATED: 02/11/2021*
*Designation: Public Defender*
*Appointment*

**Pending Counts**

18:2423.F and 18:2423(e)
TRANSPORTATION OF MINORS
(1)

18:2423.F and 18:2423(e)
TRANSPORTATION OF MINORS
(1s-5s)

**Disposition**

Case 22-757, Document 1, 08/11/2022, 3304954, Page6 of 56

A-409

**Highest Offense Level (Opening)**

Felony

| **Terminated Counts** | **Disposition** |
|---|---|
| None | |

**Highest Offense Level (Terminated)**

None

| **Complaints** | **Disposition** |
|---|---|
| 18:2423.F | |

---

**Plaintiff**

| | | |
|---|---|---|
| **USA** | represented by | **Jonathan Paul Cantil** |
| | | U.S. Attorney's Office |
| | | Federal Centre |
| | | 138 Delaware Avenue |
| | | Buffalo, NY 14202 |
| | | 716-843-5795 |
| | | Fax: 716-551-5563 |
| | | Email: jonathan.cantil@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: government attorney* |
| | | |
| | | **Paul E. Bonanno** |
| | | U.S. Attorney's Office |
| | | Federal Centre |
| | | 138 Delaware Avenue |
| | | Buffalo, NY 14202 |
| | | 716-843-5873 |
| | | Email: paul.bonanno@usdoj.gov |
| | | *LEAD ATTORNEY* |
| | | *ATTORNEY TO BE NOTICED* |
| | | *Designation: government attorney* |
| | | |
| | | **Maeve Eileen Huggins** |
| | | United States Attorney's Office - Buffalo |
| | | Federal Centre |
| | | 138 Delaware Avenue |
| | | Buffalo, NY 14202 |
| | | 716-843-5872 |
| | | Fax: 716-551-3052 |
| | | Email: maeve.huggins@usdoj.gov |
| | | *ATTORNEY TO BE NOTICED* |

**A-410**

Case 22-757, Document 104, 07/27/2022, 3304954, Page7 of 56

| Date Filed | # | Docket Text |
|---|---|---|
| 11/02/2020 | 1 | COMPLAINT as to Nicholas Turnquist (1). (EG) [1:20-mj-01156-JJM] (Entered: 11/02/2020) |
| 11/03/2020 | 2 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. Jeremiah J. McCarthy on 11/3/2020.(EG) [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 11/03/2020 | 3 | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 11/6/2020 (EG) [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 11/06/2020 | 4 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Initial Appearance as to Nicholas Turnquist held on 11/6/2020. Defendant appears by video by consent due to COVID-19 pandemic.<br><br>Defendant did not receive copy of complaint. Arrangements made to ensure he is provided a copy. Defendant agrees to proceed. The government summarizes the charges and potential penalties. The court advises defendant of his rights to silence and counsel. Defendant seeks appointment of counsel. The court examines defendant under oath and finds him eligible for appointed counsel. FPD Fonda Dawn Kubiak accepts appointment as counsel. Defendant waives preliminary hearing.<br><br>The government moves for detention and notes the application of a presumption. Defendant defers pending a resolution of his state custody. The court remands defendant to state custody with a federal detainer. Detention Order to follow. A FRCrP 48(b) date is discussed and set. Text Order to follow. The court grants the government's unopposed motion to exclude time from the Speedy Trial Act calendar in the interest of justice for the reasons stated. The court reads the Due Process Protection Act admonition to the government on the record. Written Order to follow.<br><br>APPEARANCES: AUSA Jonathan Cantil; Defendant with FPD Fonda Kubiak; USPO Brian Mamizuka (Zoom for Government)(EG) [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 11/06/2020 | 5 | ORDER REGARDING USE OF VIDEO OR TELECONFERENCING as to Nicholas Turnquist. Signed by Hon. Jeremiah J. McCarthy on 11/6/2020. (EG) [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 11/06/2020 | 6 | ORDER re Due Process Protection Act admonition re the government's Brady obligations as to Nicholas Turnquist. Signed by Hon. Jeremiah J. McCarthy on 11/6/2020.(EG) [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 11/06/2020 | 7 | TEXT ORDER as to Nicholas Turnquist: As agreed to by the parties, pursuant to Fed. R. Crim. P. (Rule) 48(b), the Complaint will be automatically dismissed, without prejudice, on February 4, 2021 at 12:00 p.m. without the need for a further order. The Rule 48(b) deadline will not be extended for ongoing plea negotiations short of an actual plea agreement. Defendant may accelerate the Rule 48(b) dismissal deadline by filing a notice to that effect, in |

A-411
Case 22-757, Document 1-4, 11/1/2022, 3304954, Page8 of 56

| | | |
|---|---|---|
| | | which case the dismissal will occur (without further order) at 12:00 p.m. on the 10th business day thereafter; provided, however, that in no event will the dismissal occur less than 30 or more than 90 days from today's date, unless extended by the court for reasons other than ongoing plea negotiations. At the time of dismissal, defendant, provided he is not subject to another detainer or warrant, shall immediately be released from custody and any conditions of release (including bail) imposed as a result of the Complaint shall immediately terminate. For the reasons stated by the government and agreed to by defendant, the ends of justice served by this continuance outweigh the best interest of the public and defendant in a speedy trial, and the time between today and February 4, 2021 is therefore excluded from the Speedy Trial Act calendar pursuant to 18 U.S.C. Sections 3161(h)(7)(A) and 3161(h)(7)(B)(iv). SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 11/6/2020. (EG) Modified on 11/20/2020 to correct date (EG). [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 11/06/2020 | 8 | ORDER OF DETENTION as to Nicholas Turnquist. Signed by Hon. Jeremiah J. McCarthy on 11/6/2020. (EG) [1:20-mj-01156-JJM] (Entered: 11/06/2020) |
| 02/03/2021 | 9 | INDICTMENT as to Nicholas Turnquist (1) count(s) 1. (SG) (Entered: 02/04/2021) |
| 02/03/2021 | 10 | Sealed Unredacted Document as to Nicholas Turnquist filed pursuant to FRCrP 49.1. (SG) (Entered: 02/04/2021) |
| 02/03/2021 | 11 | TEXT ORDER OF REFERRAL Hon. Jeremiah J. McCarthy, United States Magistrate Judge, is hereby designated to act in this case as follows:All pre-trial matters in this case are referred to the above-named United States Magistrate Judge, including all pre-trial matters that a Magistrate Judge may hear and determine pursuant to 28 U.S.C. Section 636(b)(1)(A), and those which a Magistrate Judge may hear and thereafter file a report and recommendation for disposition pursuant to Section 636(b)(1)(B).All procedural aspects of matters properly before the Magistrate Judge under this Order, including scheduling and the filing of briefs or other supporting material, shall be determined by the Magistrate Judge.All motions or applications shall be filed with the Clerk and made returnable before the Magistrate Judge. IT IS SO ORDERED.. Signed by Hon. John L. Sinatra, Jr. on 2/3/21.(SG) (Entered: 02/04/2021) |
| 02/11/2021 | 12 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Arraignment as to Nicholas Turnquist on Count 1 held on 2/11/2021. The parties appear by video. Defendant consents to video appearance in light of COVID-19 pandemic.<br><br>Defendant acknowledges receipt of indictment. Government summarizes charges and potential penalties. Defendant advised of his rights including right to counsel. Defendant requests appointment of counsel and indicates no changes to financial situation. Attorney Robert Charles Singer appointed as counsel. AFPD Fonda Dawn Kubiak relieved as counsel. Defendant waives reading of indictment and enters plea of not guilty.<br><br>Government moves for continued detention. Defendant seeks detention hearing, pending resolution of state charges and other issues. A Detention Hearing is set for 2/25/2021 at 2:00 PM before Hon. Jeremiah J. McCarthy. Scheduling Order |

A-412
Case 22-757, Document 1, 04/13/2022, 3304954, Page9 of 56

| | | |
|---|---|---|
| | | deadlines will be set at that time. The parties confirm that time is excluded time from the STA calendar in light of the government's motion. Defendant remanded to state custody. |
| | | APPEARANCES (by video): AUSA Jonathan Cantil; Defendant with attorney Robert Singer; AFPD Fonda Kubiak (Zoom for Govt.)(EG) (Entered: 02/11/2021) |
| 02/11/2021 | 13 | ORDER REGARDING USE OF VIDEO OR TELECONFERENCING as to Nicholas Turnquist. Signed by Hon. Jeremiah J. McCarthy on 2/11/2021. (EG) (Entered: 02/11/2021) |
| 02/25/2021 | 14 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Detention Hearing scheduled but not held as to Nicholas Turnquist on 2/25/2021. The parties appear by video. Defendant consents to video appearance in light of COVID-19 pandemic. |
| | | Defendant informs the court of pending appeal of state bail, which will take some time to resolve. Defendant agrees to waive detention hearing at this time, reserving the right to seek bail upon a change of circumstances with his state bail. Detention ordered. Detention Order to follow. |
| | | Scheduling order dates discussed and set. Scheduling Order to follow. The court grants the government's unopposed motion to exclude time from the STA through the motions date in the interest of justice for the reasons stated. |
| | | APPEARANCES (by video): AUSA Jonathan Cantil; Defendant with attorney Robert Singer (Zoom for Govt.) (EG) (Entered: 02/25/2021) |
| 02/25/2021 | 15 | ORDER REGARDING USE OF VIDEO OR TELECONFERENCING as to Nicholas Turnquist. Signed by Thomas J McAvoy on 2/25/2021. (EG) (Entered: 02/25/2021) |
| 02/25/2021 | 16 | ORDER OF DETENTION as to Nicholas Turnquist. Signed by Hon. Jeremiah J. McCarthy on 2/25/2021. (EG) (Entered: 02/25/2021) |
| 02/25/2021 | 17 | SCHEDULING ORDER as to Nicholas Turnquist (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Discovery to be completed by 4/26/2021. Pretrial motions due by 8/31/2021. Responses due by 9/14/2021. Replies due by 9/21/2021. Oral Argument set for 10/12/2021 at 2:00 p.m. Signed by Hon. Jeremiah J. McCarthy on 2/25/2021. (EG) (Main Document 17 replaced on 2/25/2021) (EG). (Entered: 02/25/2021) |
| 03/23/2021 | 18 | NOTICE OF ATTORNEY APPEARANCE Paul E. Bonanno appearing for USA. (Bonanno, Paul) (Entered: 03/23/2021) |
| 08/21/2021 | 19 | MOTION for Release from Custody by Nicholas Turnquist. (Attachments: # 1 Declaration of Robert C. Singer, Esq., # 2 Exhibit A, # 3 Exhibit B, # 4 Exhibit C, # 5 Exhibit D, # 6 Exhibit E, # 7 Exhibit F)(Singer, Robert) (Entered: 08/21/2021) |

Case 22-757, Document 16, 04/07/2022, 3304954, Page10 of 56

**A-413**

| 08/23/2021 | 20 | TEXT ORDER as to Nicholas Turnquist: The government and pretrial services shall submit responses to defendant's motion for release 19 on or before August 26, 2021. Defendant may reply on or before August 30, 2021. A hearing on the motion is set for September 1, 2021 at 10:00 AM before Hon. Jeremiah J. McCarthy. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 8/23/2021. (EG) (Entered: 08/23/2021) |
|---|---|---|
| 08/26/2021 | 21 | RESPONSE in Opposition by USA as to Nicholas Turnquist re 19 MOTION for Release from Custody (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bonanno, Paul) (Entered: 08/26/2021) |
| 08/30/2021 | 22 | MOTION for Extension of Time to File Response/Reply as to 21 Response in Opposition , First MOTION for Extension of Time to File *Pretrial Motions*, MOTION to Adjourn of Detention Hearing by Nicholas Turnquist. (Singer, Robert) (Entered: 08/30/2021) |
| 08/30/2021 | 23 | MOTION to Amend/Correct 22 MOTION for Extension of Time to File Response/Reply as to 21 Response in Opposition First MOTION for Extension of Time to File *Pretrial Motions* MOTION to Adjourn of Detention Hearing filed by Nicholas Turnquist *(adding Speedy Trial Exclusion)* by Nicholas Turnquist. (Singer, Robert) (Entered: 08/30/2021) |
| 08/31/2021 | 24 | TEXT ORDER as to Nicholas Turnquist: Defendant's unopposed Motion 23 to extend the deadline to file his reply and adjourn the September 1st detention hearing is granted. Defendant may reply on or before September 3, 2021. The hearing on the motion is reset to September 10, 2021 at 10:30 AM before Hon. Jeremiah J. McCarthy. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 8/31/2021. (EG) (Entered: 08/31/2021) |
| 08/31/2021 | 25 | AMENDED SCHEDULING ORDER as to Nicholas Turnquist (Please Note: This docket text may not contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.) Pretrial motions by September 15, 2021. Responses by September 29, 2021. Replies by October 6, 2021. Oral Argument remains set for October 12, 2021 at 2:00 p.m. Signed by Hon. Jeremiah J. McCarthy on 8/31/2021. (EG) (Entered: 08/31/2021) |
| 09/03/2021 | 26 | REPLY TO RESPONSE to Motion by Nicholas Turnquist re 19 MOTION for Release from Custody. (Attachments: # 1 Exhibit G, # 2 Exhibit H) (Singer, Robert) (Entered: 09/03/2021) |
| 09/08/2021 | 27 | TEXT ORDER as to Nicholas Turnquist: At defendant's request, the September 10, 2021 Bail Hearing is reset to September 9, 2021 at 3:30 PM before Hon. Jeremiah J. McCarthy, to be held by Zoom for Government. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 9/8/2021. (EG) (Entered: 09/08/2021) |
| 09/09/2021 | 29 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Bail Review Hearing as to Nicholas Turnquist held on 9/9/2021. The parties appear by video. Defendant seeks release on conditions for the reasons stated. The government opposes for the reasons stated. The court denies defendant's motion for release for the reasons stated on the record, without prejudice to a renewed application with a new bail package. |

| | | |
|---|---|---|
| | | APPEARANCES (by video): AUSA Paul Bonanno; Defendant with Robert Singer; USPO Andre McCray (Microsoft Teams) (EG) (Entered: 09/10/2021) |
| 09/10/2021 | 28 | TEXT ORDER: For the reasons stated on the record at yesterday's appearance, defendant has failed to rebut the presumption of 18 U.S.C. Section 3142(e)(3) in favor of detention, and therefore his motion for release from custody 19 is denied, without prejudice to renewal. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 9/10/21. (MDY) (Entered: 09/10/2021) |
| 09/13/2021 | 30 | Second MOTION for Release from Custody , MOTION to Seal Document *(Exhibit I to Declaration)*, MOTION to Expedite *Hearing on Motion* by Nicholas Turnquist. (Attachments: # 1 Declaration of Robert C. Singer, Esq.) (Singer, Robert) (Entered: 09/13/2021) |
| 09/14/2021 | 31 | TEXT ORDER as to Nicholas Turnquist: Defendant's Motion to Seal 30 exhibit I to his motion for release is granted. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 9/14/2021. (EG) (Entered: 09/14/2021) |
| 09/14/2021 | 32 | Sealed Document as to Nicholas Turnquist: Exhibit I to Motion for Release 30 . (EG) (Entered: 09/14/2021) |
| 09/14/2021 | 33 | TEXT ORDER as to Nicholas Turnquist: the government and pretrial services' responses to defendant's Motion 30 for Release shall be filed on or before September 16, 2021. A Bail Hearing is set for September 17, 2021 at 11:00 AM before Hon. Jeremiah J. McCarthy, to be held by Microsoft Teams. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 9/14/2021. (EG) (Entered: 09/14/2021) |
| 09/14/2021 | 34 | MOTION to Compel *Disclosure of Rule 16(a)(1)(E) Materials*, MOTION for Release of Brady Materials , MOTION to file additional motions based on future discovery disclosures by Nicholas Turnquist. (Attachments: # 1 Memorandum in Support, # 2 Exhibit A)(Singer, Robert) (Attachment 2 replaced on 9/14/2021) (EG). (Entered: 09/14/2021) |
| 09/16/2021 | 35 | RESPONSE in Opposition by USA as to Nicholas Turnquist re 30 Second MOTION for Release from Custody MOTION to Seal Document *(Exhibit I to Declaration)* MOTION to Expedite *Hearing on Motion* (Bonanno, Paul) (Entered: 09/16/2021) |
| 09/17/2021 | 36 | REPLY TO RESPONSE to Motion by Nicholas Turnquist re 30 Second MOTION for Release from Custody MOTION to Seal Document *(Exhibit I to Declaration)* MOTION to Expedite *Hearing on Motion* (Singer, Robert) (Entered: 09/17/2021) |
| 09/17/2021 | 37 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Bail Hearing as to Nicholas Turnquist held on 9/17/2021. The parties appear by teleconference due to technical issues with video conference. The parties agree to appear by telephone conference. The parties argue plaintiff's bail motion with revised bail package. The court interviews Patricia Turnquist, defendant's mother, on the record and confirms her willingness to act as surety. The court will accept a $50,000 equity bond from Ms. Turnquist in addition to the other conditions of release, which are read on the record. Defendant and Ms. Turnquist confirm their understanding of those conditions. Defendant is |

**A-415**
Case 22-757, Document 16, 04/1/22, 3304954, Page12 of 56

| | | |
|---|---|---|
| | | directed to refrain from contact with certain child witness, among other witnesses. The court's release order is stayed until the later of 5:00 p.m. on Wednesday September 22, 2021 or the government's approval of the proposed property as collateral.<br><br>APPEARANCES (by phone): AUSA Paul Bonanno; Defendant with Robert Singer; USPO Andre McCray (AT&T) (EG) (Entered: 09/17/2021) |
| 09/20/2021 | 38 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings (BAIL HEARING) as to Nicholas Turnquist held on 09/09/2021 before MAGISTRATE JUDGE JEREMIAH J. MCCARTHY. Transcriber Karen J. Clark, RPR, KarenClark1013@AOL.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/12/2021. Redacted Transcript Deadline set for 10/21/2021. Release of Transcript Restriction set for 12/20/2021. (KJC) (Entered: 09/20/2021) |
| 09/20/2021 | 39 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings (BAIL HEARING) as to Nicholas Turnquist held on 09/17/2021 before MAGISTRATE JUDGE JEREMIAH J. MCCARTHY. Transcriber Karen J. Clark, RPR, KarenClark1013@AOL.com. Transcript may be viewed at the court public terminal or purchased through the Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through PACER. Redaction Request due 10/12/2021. Redacted Transcript Deadline set for 10/21/2021. Release of Transcript Restriction set for 12/20/2021. (KJC) (Entered: 09/20/2021) |
| 09/22/2021 | 40 | APPEAL OF MAGISTRATE JUDGE DECISION to District Court by USA as to Nicholas Turnquist (Attachments: # 1 Memorandum in Support, # 2 Exhibit A-E)(Bonanno, Paul) (Entered: 09/22/2021) |
| 09/22/2021 | 41 | TEXT ORDER re 40 Appeal of Magistrate Judge Decision to District Court filed by USA: the Court grants the government's request to stay Judge McCarthy's order releasing Defendant Turnquist until the Court can hear and determine the government's appeal of Judge McCarthy's order releasing Defendnat Turnquist. See Dkt. 37. A briefing schedule and oral argument date will follow by separate order. SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 9/22/2021.(CJG) (Entered: 09/22/2021) |
| 09/23/2021 | 42 | TEXT ORDER re 40 Appeal of Magistrate Judge Decision to District Court filed by USA. Defendant's response is due 9/24/2021. Government's reply is due 9/28/20921. Oral Argument is set for 9/29/2021 at 02:00 PM before Hon. John L. Sinatra, Jr. in the Chautauqua Courtroom, 8th Floor, of the U.S. Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350. SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 9/23/2021.(CJG) (Entered: 09/23/2021) |
| 09/24/2021 | 43 | Defendant's BRIEF by Nicholas Turnquist re 40 Appeal of Magistrate Judge Decision to District Court Government Brief due by 9/22/2021. Government Reply Brief due by 9/28/2021. (Attachments: # 1 Exhibit J, # 2 Exhibit K) (Singer, Robert) (Entered: 09/24/2021) |

Case 22-757, Document 16, 04/17/2022, 3304954, Page13 of 56

| 09/28/2021 | 44 | MEMORANDUM/BRIEF *Reply to Defendant's Opposition* by USA as to Nicholas Turnquist (Attachments: # 1 Exhibit A) (Bonanno, Paul) (Entered: 09/28/2021) |
|---|---|---|
| 09/28/2021 | 46 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. John L. Sinatra, Jr. on 9/28/21.(SG) (Entered: 09/29/2021) |
| 09/28/2021 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 9/29/21 (SG) (Entered: 09/29/2021) |
| 09/29/2021 | 45 | RESCHEDULING NOTICE as to Nicholas Turnquist: Oral Argument re 40 Appeal of Magistrate Judge Decision to District Court is RESCHEDULED for 9/30/2021 at 10:00 AM in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before Hon. John L. Sinatra, Jr. (KLH) (Entered: 09/29/2021) |
| 09/29/2021 | 47 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. John L. Sinatra, Jr. on 9/29/2021.(KM) (Entered: 09/29/2021) |
| 09/29/2021 | 48 | RESPONSE in Opposition by USA as to Nicholas Turnquist re 34 MOTION to Compel *Disclosure of Rule 16(a)(1)(E) Materials* MOTION for Release of Brady Materials MOTION to file additional motions based on future discovery disclosures (Bonanno, Paul) (Entered: 09/29/2021) |
| 09/29/2021 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 9/30/21. (KM) (Entered: 09/29/2021) |
| 09/30/2021 | 49 | Minute Entry for proceedings held before Hon. John L. Sinatra, Jr.: Oral Argument held on 9/30/2021 re the government's 40 Appeal of Magistrate Judge McCarthy's determination on detention. Court grants the government's motion to revoke Judge McCarthy's Order of Release and finds that there are no conditions or combination of conditions that will reasonably assure the safety of the community. Defendant remains detained pending trial, for reasons stated on the record. Court transcript constitutes written findings and written statement of the reasons for detention. Text order to follow. Defendant remanded to the custody of the U.S Marshal.<br><br>Appearances. For government: Paul Bonanno. For defendant: Robert Singer. Defendant present. For probation: Andre McCray. (Court Reporter Bonnie Weber) (KLH) (Entered: 09/30/2021) |
| 09/30/2021 | 50 | TEXT ORDER. For the reasons stated on the record at oral argument on September 30, 2021, the Court has granted the Government's motion to revoke Judge McCarthy's release order on September 17, 2021. The Court ordered Nicholas Turnquist detained pursuant to 18 U.S.C. § 3142(e).<br><br>This Court further orders that Turnquist be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.<br><br>This Court further orders that Turnquist be afforded reasonable opportunity for private consultation with counsel.Finally, this Court directs that, on order of the Court of the United States or on request of an attorney for the government, the |

**A-417**

Case 22-757, Document 16, 04/12/2022, 3304954, Page14 of 56

| | | |
|---|---|---|
| | | person in charge of the corrections facility in which Turnquist is confined shall deliver Turnquist to a United States Marshal for the purposes of his appearance in connection with any court proceeding.<br><br>SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 9/30/2021. (KLH) (Entered: 09/30/2021) |
| 10/07/2021 | 51 | MOTION to Adjourn of Oral Argument *(Unopposed)* by Nicholas Turnquist. (Singer, Robert) (Entered: 10/07/2021) |
| 10/08/2021 | 52 | TEXT ORDER: Defendant's unopposed Motion to Adjourn 51 oral argument is granted. Oral Argument on defendant's pretrial motions is rescheduled to October 15, 2021 at 2:00 p.m. Time remains excluded from the Speedy Trial Act calendar pursuant to 18 U.S.C. Section 3161(h)(1)(D) due to the pendency of defendant's pretrial motions. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 10/8/2021. (EG) (Entered: 10/08/2021) |
| 10/08/2021 | | Reset Hearings as to Nicholas Turnquist: Oral Argument set for 10/15/2021 at 2:00 PM before Hon. Jeremiah J. McCarthy. (EG) (Entered: 10/08/2021) |
| 10/08/2021 | 53 | NOTICE OF FILING OF OFFICIAL TRANSCRIPT of Proceedings as to Nicholas Turnquist held on September 30, 2021, before District Judge, the Honorable John L. Sinatra, Jr. Court Reporter/Transcriber Bonnie S. Weber, Bonnie_Weber@nywd.uscourts.gov. Transcript may be viewed at the court public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date, it may be obtained through PACER. Redaction Request due 10/29/2021. Redacted Transcript Deadline set for 11/8/2021. Release of Transcript Restriction set for 1/6/2022. (BSW) (Entered: 10/08/2021) |
| 10/11/2021 | 54 | NOTICE OF APPEAL (Interlocutory) by Nicholas Turnquist re 50 Text Order. FEE STATUS: No Fee Due, CJA Attorney. (Singer, Robert) Modified fee status on 10/12/2021 (SG). (Entered: 10/11/2021) |
| 10/12/2021 | | Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes the Court of Appeals to consider, called Designation of Record on Appeal. After receipt, the Clerks Office will certify and transmit the index to the Circuit. (SG) (Entered: 10/12/2021) |
| 10/12/2021 | | E-Filing Notification: 54 NOTICE OF APPEAL (Interlocutory) by Nicholas Turnquist re 50 Text Order. FEE STATUS: No Fee Due, CJA Attorney. (Singer, Robert) Modified fee status on 10/12/2021 (SG). (SG) (Entered: 10/12/2021) |
| 10/13/2021 | 55 | DESIGNATION OF RECORD ON APPEAL by Nicholas Turnquist re 54 Notice of Appeal - Interlocutory CLERK TO FOLLOW UP (Singer, Robert) (Entered: 10/13/2021) |
| 10/13/2021 | 56 | CLERKS CERTIFICATE as to Nicholas Turnquist filed and electronically sent to Court of Appeals re 55 Designation of Record on Appeal/Index. (SG) (Entered: 10/13/2021) |
| | | |

**A-418**

| 10/15/2021 | 57 | TEXT ORDER as to Nicholas Turnquist: Due to issues with securing defendant's appearance, Oral Argument on defendant's pretrial motions is rescheduled to October 20, 2021 at 2:00 p.m. Time remains excluded from the Speedy Trial Act calendar pursuant to 18 U.S.C. Section 3161(h)(1)(D) due to the pendency of defendant's pretrial motions. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 10/15/2021. (EG) (Entered: 10/15/2021) |
|---|---|---|
| 10/18/2021 | 58 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. Jeremiah J. McCarthy on 10/18/2021. (CGJ) (Entered: 10/18/2021) |
| 10/18/2021 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 10/20/2021 (CGJ) (Entered: 10/18/2021) |
| 10/20/2021 | 59 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Oral Argument held on 10/20/2021. Defendant addresses several alleged unresolved discovery issues raised in pretrial motions. The government responds that all such documents have been provided. The court finds that such documents, if in existence, are relevant and should be provided. The government will make final inquiries for the documents discussed. STA time to be excluded for two weeks to allow for resolution of such inquiries. The court will issue summary order. APPEARANCES: AUSA P. Bonanno; Defendant with R. Singer (FTR Gold) (EG) (Entered: 10/20/2021) |
| 10/25/2021 | 60 | DECISION AND ORDER addressing defendant Nicholas Turnquist's motion to compel 34 and the government's cross-motion for reciprocal discovery 48 . Signed by Hon. Jeremiah J. McCarthy on 10/25/21. (MDY) (Entered: 10/25/2021) |
| 11/05/2021 | 61 | NOTICE OF HEARING as to Nicholas Turnquist: Status Conference set for 11/12/2021 at 3:30 PM in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before Hon. John L. Sinatra, Jr. (KLH) (Entered: 11/05/2021) |
| 11/09/2021 | 62 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. John L. Sinatra, Jr. on 11/8/21.(SG) (Entered: 11/09/2021) |
| 11/09/2021 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 11/12/21 (SG) (Entered: 11/09/2021) |
| 11/12/2021 | 63 | Minute Entry for proceedings held before Hon. John L. Sinatra, Jr.: Status Conference as to Nicholas Turnquist held on 11/12/2021. Government advises the Court that it is working toward superseding the indictment and that there is still an interlocutory appeal pending before the Second Circuit. Parties agree to a trial date in May. Jury trial set to commence with jury selection on May 24, 2022 at 9:30 AM. Final Pretrial conference set for May 12, 2022 at 2:00 PM. Final Status Conference set for May 20, 2022 at 10:00 AM. Pretrial order to follow. Court grants government's unopposed motion to exclude time from 11/12/2021 through 5/24/2022 for purposes of the Speedy Trial Act. Government to submit a proposed speedy trial order. |

**A-419**

Case 22-757, Document 16, 04/27/2022, 3304954, Page16 of 56

| | | |
|---|---|---|
| | | Appearances. For government: Paul Bonanno. For defendant: Robert Singer. Defendant present. (Court Reporter Bonnie Weber) (KLH) (Entered: 11/12/2021) |
| 11/16/2021 | 64 | ORDER TO CONTINUE - Ends of Justice as to Nicholas Turnquist Time excluded from 11/12/21 until 5/24/22. Signed by Hon. John L. Sinatra, Jr. on 11/16/21.(SG) (Entered: 11/16/2021) |
| 11/16/2021 | 65 | PRETRIAL ORDER as to Nicholas Turnquist <span style="color:red">(Please Note: This docket text may <u>not</u> contain the entire contents of the attached Order. It is your responsibility to read the attached Order and download it for future reference. Direct any questions to the Chambers of the Judge who entered this Order.)</span> Jury Trial set for 5/24/2022 09:00 AM in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before Hon. John L. Sinatra, Jr... Signed by Hon. John L. Sinatra, Jr. on 11/16/21.(SG) (Entered: 11/16/2021) |
| 11/16/2021 | 66 | Writ of Habeas Corpus ad Prosequendum as to Nicholas Turnquist Returned Unexecuted. (SG) (Entered: 11/16/2021) |
| 11/16/2021 | 67 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Nicholas Turnquist on 9/30/21. (SG) (Entered: 11/16/2021) |
| 12/06/2021 | 68 | Writ of Habeas Corpus ad Prosequendum Returned Executed as to Nicholas Turnquist on 11/12/2021. (CGJ) (Entered: 12/07/2021) |
| 01/19/2022 | 69 | RESCHEDULING NOTICE as to Nicholas Turnquist: The Final Pretrial Conference is RESCHEDULED for 5/17/2022 at 10:00 AM in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before Hon. John L. Sinatra, Jr. (KLH) (Entered: 01/20/2022) |
| 03/08/2022 | 71 | SUPERSEDING INDICTMENT as to Nicholas Turnquist (1) count(s) 1s-5s. (SG) (Entered: 03/09/2022) |
| 03/08/2022 | 72 | Sealed Unredacted Document as to Nicholas Turnquist filed pursuant to FRCrP 49.1. (SG) (Entered: 03/09/2022) |
| 03/09/2022 | 70 | NOTICE OF ATTORNEY APPEARANCE Maeve Eileen Huggins appearing for USA. (Huggins, Maeve) (Entered: 03/09/2022) |
| 03/09/2022 | | Set Hearings as to Nicholas Turnquist: Arraignment set for 3/17/2022 at 1:30 PM before Hon. Jeremiah J. McCarthy. (EG) (Entered: 03/09/2022) |
| 03/09/2022 | 73 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. Jeremiah J. McCarthy on 3/9/22.(SG) (Entered: 03/10/2022) |
| 03/09/2022 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 3/17/22 (SG) (Entered: 03/10/2022) |
| 03/17/2022 | 74 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Arraignment on superseding indictment as to Nicholas Turnquist, Count 1,1s-5s, held on 3/17/2022. The parties appear. Defendant received a copy of the superseding indictment. The government summarizes the charges and penalties. Defendant advised of rights. Defendant requests re-appointment of counsel and advises no changes to financial status. Defense counsel re-appointed. Defendant |

pleads not guilty.

The court discusses with the parties the effect of the new indictment on the trial date as scheduled with District Judge Sinatra. The government advises it has provided an additional 200 pages in discovery documents. Defendant raises concerns about the effect of new discovery and new indictment on timeline. Defendant seeks a detention hearing. Defendant advises his pending appeal is being held in abeyance.

The court will reach out the Judge Sinatra regarding how and before whom detention and any other proceedings should proceed. A Detention Hearing set for 3/23/2022 at 10:00 AM before Hon. Jeremiah J. McCarthy, pending further word from the parties and/or the District Judge regarding further proceedings. STA time excluded due to the pending detention motion.

APPEARANCES: AUSAs Paul Bonanno, Maeve Huggins; Defendant with Robert Singer (FTR Gold) (EG) (Entered: 03/17/2022)

| 03/17/2022 | 75 | NOTICE OF HEARING as to Nicholas Turnquist: Status Conference set for 3/24/2022 at 9:00 AM in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before Hon. John L. Sinatra, Jr. (KLH) (Entered: 03/17/2022) |
| --- | --- | --- |
| 03/18/2022 | 76 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. John L. Sinatra, Jr. on 3/18/22.(SG) (Entered: 03/18/2022) |
| 03/18/2022 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 3/24/22 (SG) (Entered: 03/18/2022) |
| 03/25/2022 | 77 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. John L. Sinatra, Jr. on 3/24/22.(SG) (Entered: 03/25/2022) |
| 03/25/2022 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 3/29/21. Writ hand delivered to the U.S. Marshal. (SG) (Entered: 03/25/2022) |
| 03/25/2022 | 78 | RESCHEDULING NOTICE as to Nicholas Turnquist: The 3/24/2022 Status Conference is RESCHEDULED for 3/29/2022 at 2:00 PM in US Courthouse, 2 Niagara Square, Buffalo, NY 14202-3350 before Hon. John L. Sinatra, Jr. (KLH) (Entered: 03/25/2022) |
| 03/28/2022 | 79 | MOTION to Compel *Discovery and Disclosure of Grand Jury materials*, MOTION to Expedite by Nicholas Turnquist. (Attachments: # 1 Declaration of Robert C. Singer, Esq., # 2 Exhibit A, # 3 Exhibit B)(Singer, Robert) (Entered: 03/28/2022) |
| 03/29/2022 | | TEXT ORDER: A Status/Scheduling Conference set for 4/6/2022 at 2:30 PM before Hon. Jeremiah J. McCarthy. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 3/29/2022. (EG) (Entered: 03/29/2022) |
| 03/29/2022 | 80 | Minute Entry for proceedings held before Hon. John L. Sinatra, Jr. Status Conference/Detention Hearing as to Nicholas Turnquist held on 3/29/2022 re 71 Superseding Indictment. Court hears argument and grants the government's motion for detention. Defendant remains detained pending trial. Court transcript to constitute the Court's written decision. Text Order to follow. |

| | | |
|---|---|---|
| | | Court hears argument re the Defendant's 79 motion to compel discovery and denies the motion. Text Order to follow.<br><br>Government advises the Court that it is prepared to proceed to trial on May 24. Defendant requests a status conference next week. Court sets a status conference for 4/6/2022 at 1:30 PM.<br><br>Appearances. For government: Paul Bonanno and Maeve Huggins. For defendant: Rob Singer. Defendant present. (Court Reporter Bonnie Weber) (KLH) (Entered: 03/29/2022) |
| 03/29/2022 | 81 | TEXT ORDER. For the reasons stated on the record at the detention hearing on March 29, 2022 and previously stated in the Court's oral decision on September 30, 2021, the Court granted the Government's motion for detention and ordered Nicholas Turnquist detained pursuant to 18 U.S.C. § 3142(e).<br><br>This Court further orders that Turnquist be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practical, from persons awaiting or serving sentences or being held in custody pending appeal.<br><br>This Court further orders that Turnquist be afforded reasonable opportunity for private consultation with counsel. Finally, this Court directs that, on order of the Court of the United States or on request of an attorney for the government, the person in charge of the corrections facility in which Turnquist is confined shall deliver Turnquist to a United States Marshal for the purposes of his appearance in connection with any court proceeding.<br><br>SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 3/29/2022. (KLH) (Entered: 03/29/2022) |
| 03/29/2022 | 82 | TEXT ORDER. For the reasons stated on the record at the status conference on March 29, 2022, Defendant's 79 Motion to Compel is DENIED. SO ORDERED. Issued by Hon. John L. Sinatra, Jr. on 3/29/2022. (KLH) (Entered: 03/29/2022) |
| 03/30/2022 | 83 | Petition and Order for Writ of Habeas Corpus ad Prosequendum. Signed by Hon. John L. Sinatra, Jr. on 3/30/22.(SG) (Entered: 03/31/2022) |
| 03/30/2022 | | Writ of Habeas Corpus ad Prosequendum Issued as to Nicholas Turnquist for 4/6/22 (SG) (Entered: 03/31/2022) |
| 04/05/2022 | 84 | NOTICE OF APPEAL (Interlocutory) by Nicholas Turnquist re 81 Text Order, Appeal Record due by 4/18/2022. Fee Status: No fee due, CJA appointed (Singer, Robert) Modified on 4/6/2022 (CGJ). (Entered: 04/05/2022) |
| 04/06/2022 | | E-Filing Notification: re 84 NOTICE OF APPEAL (Interlocutory). Modified to add fee status. (CGJ) (Entered: 04/06/2022) |
| 04/06/2022 | | Within 14 days of filing the Notice of Appeal, the appellant is required to electronically file with the District Court an index of filed documents it wishes |

Case 22-757, Document 16, 04/13/2022, 3304954, Page19 of 56

| | | |
|---|---|---|
| | | the Court of Appeals to consider, called Designation of Record on Appeal. After receipt, the Clerks Office will certify and transmit the index to the Circuit. (CGJ) (Entered: 04/06/2022) |
| 04/06/2022 | 85 | Minute Entry for proceedings held before Hon. Jeremiah J. McCarthy: Status Conference as to Nicholas Turnquist held on 4/6/2022. The parties appear. The parties advise that they set new trial date and pretrial deadlines with District Judge Sinatra. Defendant indicates that he will be filing a motion for a bill of particulars. A briefing schedule on that motion discussed and set. The parties do not request oral argument. Text Order to follow. STA time excluded by District Judge. APPEARANCES: AUSA Maeve Huggins; Defendant with Robert Singer (FTR Gold) (EG) (Entered: 04/06/2022) |
| 04/06/2022 | 86 | TEXT ORDER as to Nicholas Turnquist: As discussed during today's proceeding, defendant shall file his pretrial motion on or before April 15, 2022. The government shall file its response within 14 days of the filing of defendant's motion. Defendant shall file his reply, if any, on or before one day following the government's filing of its response, after which time the motion will be taken under advisement without oral argument unless otherwise deemed necessary or requested by the parties. SO ORDERED. Issued by Hon. Jeremiah J. McCarthy on 4/6/2022. (EG) (Entered: 04/06/2022) |
| 04/06/2022 | 87 | Minute Entry for proceedings held before Hon. John L. Sinatra, Jr.: Status Conference as to Nicholas Turnquist held on 4/6/2022. Defense counsel advises the Court that he needs to locate additional investigators to prepare for his client's defense and requests adjournment of trial until early July. Government not opposed, subject to witness availability. Court grants Defendant's request for adjournment. Jury trial to commence with jury selection on 7/6/2022 at 9:30 AM. Final pretrial conference set for 6/22/2022 at 9:30 AM. Final status conference set for 7/5/2022 at 2:00 PM. Court to issue amended pretrial order. Court grants the government's unopposed motion to to exclude time from 4/6/2022 through 7/6/2022 for purposes of the Speedy Trial Act pursuant to Title 18 U.S.C. Sections 3161(h)(7)(A) and (h)(7)(B)(iv). Government to submit a proposed speedy trial order. Appearances. For government: Paul Bonanno and Maeve Huggins. For defendant: Rob Singer. Defendant present. (Court Reporter FTR Gold)(KLH) (Entered: 04/06/2022) |
| 04/07/2022 | 88 | AMENDED PRETRIAL ORDER as to Nicholas Turnquist. Signed by Hon. John L. Sinatra, Jr. on 4/7/22.(SG) (Entered: 04/07/2022) |
| 04/11/2022 | 89 | ORDER TO CONTINUE - Ends of Justice as to Nicholas Turnquist Time excluded from 4/6/22 until 7/6/22. Signed by Hon. John L. Sinatra, Jr. on 4/11/22.(SG) (Entered: 04/11/2022) |

# IN THE DISTRICT COURT OF THE UNITED STATES

## for the Western District of New York

_____

|  |  |
|---|---|
|  | **November 2021 GRAND JURY**<br>**(Impaneled November 5, 2021)** |
| **THE UNITED STATES OF AMERICA** | **21-CR-15-JLS**<br>**SUPERSEDING INDICTMENT** |
| **-vs-** |  |
| **NICHOLAS TURNQUIST** | **Violations:**<br>Title 18, United States Code,<br>Section 2423(a)<br>(5 Counts) |

## COUNT 1

**(Transportation of a Minor)**

**The Grand Jury Charges That:**

On or about April 26, 2014, in the Western District of New York, and elsewhere, the defendant, NICHOLAS TURNQUIST, did knowingly transport, and attempt to transport, Victim 1, an individual known to the Grand Jury, who had not attained the age of 18 years, in interstate commerce, that is, from the state of New York to the state of Maryland, with the intent that such individual engage in sexual activity for which any person could be charged with a criminal offense.

**All in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).**

## COUNT 2

**(Transportation of a Minor)**

**The Grand Jury Charges That:**

On or about September 5, 2014, in the Western District of New York, and elsewhere, the defendant, NICHOLAS TURNQUIST, did knowingly transport, and attempt to transport, Victim 1, an individual known to the Grand Jury, who had not attained the age of 18 years, in foreign commerce, that is, from the state of New York to Niagara Falls, Canada, with the intent that such individual engage in sexual activity for which any person could be charged with a criminal offense.

**All in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).**

## COUNT 3

**(Transportation of a Minor)**

**The Grand Jury Charges That:**

On or about December 23, 2014, in the Western District of New York, and elsewhere, the defendant, NICHOLAS TURNQUIST, did knowingly transport, and attempt to transport, Victim 1, an individual known to the Grand Jury, who had not attained the age of 18 years, in interstate commerce, that is, from the state of New York to the state of Pennsylvania, with the intent that such individual engage in sexual activity for which any person could be charged with a criminal offense.

**All in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).**

## COUNT 4

### (Transportation of a Minor)

### The Grand Jury Charges That:

On or about July 16, 2015, in the Western District of New York, and elsewhere, the defendant, NICHOLAS TURNQUIST, did knowingly transport, and attempt to transport, Victim 1, an individual known to the Grand Jury, who had not attained the age of 18 years, in interstate commerce, that is, from the state of New York to the state of Pennsylvania, with the intent that such individual engage in sexual activity for which any person could be charged with a criminal offense.

**All in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).**

## COUNT 5

### (Transportation of a Minor)

### The Grand Jury Charges That:

On or about September 19, 2015, in the Western District of New York, and elsewhere, the defendant, NICHOLAS TURNQUIST, did knowingly transport, and attempt to transport, Victim 1, an individual known to the Grand Jury, who had not attained the age of 18 years, in interstate commerce, that is, from the state of New York to the state of Florida, with the intent that such individual engage in sexual activity for which any person could be charged with a criminal offense.

**All in violation of Title 18, United States Code, Sections 2423(a) and 2423(e).**

DATED:  Buffalo, New York, March 8, 2022.

TRINI E. ROSS
United States Attorney

BY:      */S/ PAUL E. BONANNO*
         PAUL E. BONANNO
         Assistant United States Attorney
         United States Attorney's Office
         Western District of New York
         138 Delaware Avenue
         Buffalo, New York 14202
         716/843-5795
         paul.bonanno@usdoj.gov

A TRUE BILL:


*/S/ FOREPERSON*
FOREPERSON

**A-427**

# UNITED STATES COURT OF APPEALS
## FOR THE
## SECOND CIRCUIT

―――――――――――――――――――――

At a Stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 11ᵗʰ day of March, two thousand twenty two,

Before:      Rosemary S. Pooler
             Richard C. Wesley
             Steven J. Menashi,
                          *Circuit Judges.*

―――――――――――――――――――――

United States of America,                    **ORDER**
                                             Docket No. 21-2563
             Appellee,

v.

Nicholas Turnquist,

             Defendant - Appellant.

―――――――――――――――――――――

IT IS HEREBY ORDERED that the joint motion to adjourn oral argument and hold this interlocutory appeal in abeyance is granted. This panel will retain jurisdiction. The parties shall file letters advising the Court how they would like to proceed with the appeal no later than April 13, 2022.

For The Court:

Catherine O'Hagan Wolfe,
Clerk of Court

```
                    UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF NEW YORK


   UNITED STATES OF AMERICA,    *        Docket Number:
                                         1-21-CR-00015-JLS-JJM
                                *
                                *        Buffalo, New York
                v.              *        March 29, 2021
                                *        2:02 p.m.
                                *
   NICHOLAS TURNQUIST,          *        STATUS CONFERENCE
                                *
             Defendant (1).     *
                                *
   *  *  *  *  *  *  *  *  *  *  *  *  *  *



                    TRANSCRIPT OF PROCEEDINGS
           BEFORE THE HONORABLE JOHN L. SINATRA, JR.
                  UNITED STATES DISTRICT JUDGE


   APPEARANCES:

   For the Government:          JAMES P. KENNEDY, JR.,
                                UNITED STATES ATTORNEY,
                                By PAUL E. BONANNO, ESQ.,
                                Assistant United States Attorney,
                                Federal Centre,
                                138 Delaware Avenue,
                                Buffalo, New York  14202,
                                Appearing for the United States.



   For the Defendant:          SINGER LEGAL, PLLC.,
                                By ROBERT C. SINGER, ESQ.,
                                80 East Spring Street,
                                Williamsville, New York  14221.



   The Courtroom Deputy:       KIRSTIE L. HENRY



   Court Reporter:             BONNIE S. WEBER,
                                Notary Public,
                                Robert H. Jackson Courthouse,
                                2 Niagara Square,
                                Buffalo, New York  14202,
                                Bonnie_Weber@nywd.uscourts.gov.
```

1              Proceedings recorded by mechanical stenography,
2                    transcript produced by computer.

3

4                    (Proceedings commenced at 2:02 p.m.)

5

6         **THE CLERK:**  All rise.

7         The United States District Court for the Western

8  District of New York is now in session.  The Honorable John

9  Sinatra presiding.

10        **THE COURT:**  Please be seated.

11        **THE CLERK:**  United States versus Nicholas Turnquist,

12 Case Number 21-CR-15.  This is the date set for a status

13 conference.

14        Counsel, please state your appearances for the record.

15        **MR. BONANNO:**  Good afternoon, Your Honor.  Paul

16 Bonanno for the Government.

17        **MS. HUGGINS:**  Maeve Huggins for the government.

18        **MR. SINGER:**  Hello, Judge.  Robert Singer on behalf of

19 Nicholas Turnquist, who is present.

20        **THE COURT:**  Okay.  Good afternoon, everyone.  Good

21 afternoon, Mr. Turnquist.

22        And if you would like Mr. Turnquist, you can take your

23 mask down or leave it up.  Whatever you are comfortable with.

24        Let's start with the detention hearing.  Anything we

25 should talk about before that?

1          Mr. Bonanno, you perked up like you wanted to tell me

2    something.  Otherwise, we'll go into the detention hearing

3    first.

4          **MR. BONANNO:**  No, Your Honor.  I'm ready to go into

5    the detention hearing.

6          **THE COURT:**  Mr. Singer, any ideas on how you want this

7    to be?  I'm assuming that you need the full-blown detention

8    hearing process to happen for your appeal.

9          **MR. SINGER:**  I believe so, Judge, yes.

10          **THE COURT:**  What has changed from then to now?

11          **MR. SINGER:**  I think there is some facts that have

12    changed, and I'm prepared to discuss those with the Court.

13          I realize there are more charges.  But to the extent

14    that they are charged at this point, as opposed to what we were

15    talking about now, perhaps there are -- that the new charges

16    are, while they are charged, are probably pretty close to what

17    we had discussed back in September of last year.

18          **THE COURT:**  Okay.  I'll hear from you, Mr. Bonanno,

19    first.

20          **MR. BONANNO:**  Your Honor, I'll lay out our argument

21    for detention.  We're moving for detention on, frankly, largely

22    the same grounds that we moved on before, that we laid out in

23    the Government's memorandum in support of the Government's

24    motion to revoke Judge McCarthy's release order; and the grounds

25    that I articulated before Your Honor back on September 30th of

1    last year when we had argument on the Government's motion.

2          First, the superseding indictment charges the

3    defendant with an offense involving a minor victim in violation

4    of Title 18, United States Code, Section 2423(a).

5          Consequently, there is a presumption that no condition

6    or combination of conditions will reasonably assure the safety

7    of the community and the defendant's future appearance in court.

8    That's under Title 18, United States Code, Section

9    3142(e)(3)(E).

10          I'd like Your Honor to talk about the 3142(g) factors.

11    First of all, regarding the nature and circumstances of the

12    offense.  They are very serious here.  There is no question that

13    the defendant is charged with a serious crime.

14          The indictment charges a crime of violence involving a

15    minor, as defined in Title 18 United States Code Section

16    3156(a)(4)(C).

17          The superseding indictment alleges that on five

18    separate occasions that the defendant took his stepdaughter, a

19    child in his care out of state so that he could have illegal

20    sexual activity with her.

21          A conviction for this crime carries with it a

22    mandatory minimum term of 10 years in prison, and a maximum term

23    of life in prison.

24          Moving on to the evidence.  The evidence, Your Honor,

25    supporting the charges is strong and compelling.

1          I would like to go through the counts of the

2   indictment if I could just briefly, Your Honor.  Count One of

3   the superseding indictment references a trip that occurred on or

4   about April 26, 2014, in which the defendant transported the

5   victim, who was 15 years old at that time, to Baltimore,

6   Maryland.  We have obtained bank records and credit card records

7   that corroborate that this trip occurred.

8          It was just the two of them on the trip.  The

9   defendant and minor victim, who was 15.  The victim will testify

10  that the defendant had sexual intercourse with her on the trip.

11  Given the victim's age at that time, this sexual intercourse

12  will be illegal under Maryland law.

13         Count Two of the indictment references a trip that the

14  defendant took the victim on to the Great Wolf Lodge Resort in

15  Niagara Falls, Canada, on or about September 5, 2014, when the

16  victim was 16 years old.

17         The defendant took the victim on this trip, along with

18  her two younger sisters.  We have obtained bank records and

19  business records from the Great Wolf Lodge in Canada that

20  corroborate the trip.

21         The victim would testify that the defendant had

22  intercourse with her.  That sexual intercourse would be illegal

23  under Canadian law.

24         Count Three of the superseding indictments is the

25  count that was in the original indictment, Your Honor.  It

1  references a trip to Splash Lagoon that occurred on or about

2  December 23, 2014.

3          The defendant took the victim, who was 16 years old at

4  the time, and her two younger sisters to Erie, Pennsylvania, to

5  the Splash Lagoon water park.

6          There, we have records from Splash Lagoon that

7  corroborate the trip.  The victim would testify that the

8  defendant had sexual intercourse with her, and that sexual

9  intercourse would be illegal under Pennsylvania law.

10          Count Four of the superseding indictment alleges a

11  trip that the defendant took the victim on to the Kalahari Water

12  Park Resort in the Poconos, Pennsylvania, on or about July 16,

13  2015.  The victim was 17 years old at the time.

14          The defendant took her, and again, her two younger

15  sisters on the trip to Kalahari Water Park Resort.  We have

16  obtained business records from the Kalahari Resort and bank

17  records that corroborate the trip.

18          The victim would testify that the defendant had sexual

19  intercourse with her on the trip.  And again, that was illegal

20  under Pennsylvania law.

21          And the last count of the superseding indictment.  It

22  is charged that on or about September 19, 2015, the defendant

23  arranged for a trip to Disney World in Florida.  The victim was

24  17 years old at the time.

25          We have obtained records from Disney World.  We've

1   obtained bank records, and we've obtained Enterprise rental car

2   records that corroborate various aspects of the trip.

3        The victim would testify that the defendant raped her

4   twice on this trip.  Once in the hotel room, and once in the

5   minivan that the defendant rented from Enterprise.

6        When they went to a Walmart, he drove the minivan to a

7   secluded part in the parking lot and raped the victim in the

8   minivan that he had rented from Enterprise.  So we have

9   corroborating evidence for that trip as well.  Corroborating

10  documentary evidence for that trip.

11       In addition, there is evidence that I spoke about when

12  I was before Your Honor in September.  There is a jail call the

13  defendant made shortly after his arrest in 2020, in which he

14  asked his then-girlfriend, now wife, to look up the age of

15  consent in multiple states:  Pennsylvania, Ohio, Maryland, South

16  Carolina, Florida, and Canada.

17       That is the places that he traveled to with the

18  victim.  And he said to his wife at one point, let's say

19  Pennsylvania is 15, that the age of consent is 15.  Then

20  according to the defendant, law enforcement could not charge him

21  with a crime.

22       This jail call suggests that he knew he had sex with

23  the victim in those states when she was underage.  There is

24  more.

25       The affidavit filed by FBI Special Agent Randy Garver,

 1   in this case, referenced a witness a -- the defendant's

 2   biological daughter identified as Minor 2.

 3          Minor 2 told interviewers from the Child Advocacy

 4   Center that she witnessed the defendant doing things with the

 5   victim.

 6          He would force her to do things that adults do.  Minor

 7   2 recalled a trip to Pennsylvania that took place when she was

 8   five years old.

 9          She remembered the victim being on top of the

10   defendant facing him, her legs spread over the defendant, around

11   the defendant in bed.

12          And Minor 2 heard the victim tell the defendant to

13   stop, but the defendant told the victim he was the adult, and he

14   would do what he wanted.

15          There is also evidence in the form of the defendant's

16   admission to East Aurora police during an interview shortly

17   before his arrest.  He admitted to the police during that

18   interview that he had had sex with the victim.

19          He acknowledged he had sex with the victim, but he

20   insisted to the police it was only when she was 18 or maybe 17,

21   he conceded.  Maybe when she was 17.

22          And I would note again, on two of the trips alleged in

23   the superseding indictment occurred when the victim was 17.

24          Finally, Your Honor, I will note that there is a

25   controlled phone call.  I know the Court is aware of it.  A

1   transcript of the call was attached as Exhibit D to the

2   Government's motion to revoke Judge McCarthy's release order.

3          In that controlled call, the victim talks to the

4   defendant, and she confronts him.  She says:  "How could it be

5   consensual at the age I was at?  I was a kid."

6          The victim asks the defendant:  "Do you regret the

7   young part or the old part?"

8          And the defendant says he regrets that it happened.

9   "That it happened."  Which I think is a strong admission.

10          All of this evidence together, Your Honor, I think is

11   compelling evidence that the Court should consider in

12   considering the detention motion.

13          Regarding the remaining two 3142(g) factors, Your

14   Honor, the defendant's history and characteristics also favor

15   detention.

16          The defendant's character and past conduct indicate he

17   poses a danger to the community.  Not only did he repeatedly

18   rape and sexually abuse the victim in this case, but as she

19   testified at trial under oath in Wyoming County court, the

20   defendant threatened her, threatened her mother, threatened her

21   grandmother, and threatened her sisters with violence if the

22   victim told on him.

23          If she reported what had happened.  He also

24   committed -- as she testified, he committed acts of violence

25   against her, hitting her, punching her, and at one point

1  throwing her down a hill in their yard at their house.

2         Finally, the defendant's release poses a serious risk

3  to the community, especially to children.

4         It's the Government's position that if the defendant

5  is released, he poses a risk to his biological daughters who are

6  now around the ages of 12 and 14, around the age the victim

7  given his threats and history of abuse to her.

8         Finally, Judge, the Government does take the position

9  that the defendant poses a risk of flight, given the strong

10  evidence against him and given the potential sentence that he's

11  facing here.  A minimum of ten years.  A maximum of life.

12         So for all of those reasons, Your Honor, the

13  Government is asking that the defendant be detained.

14         **THE COURT:**  Mr. Singer --

15         **MR. SINGER:**  Thank you, Judge.  I note for the record

16  again, just like I did back in September, that it's still the

17  position of the probation department that there are conditions

18  adequate to ensure the safety of the community, as well as the

19  fact that Mr. Turnquist to appear.

20         Nothing's changed as a result of this superseding

21  indictment.  The new allegations in this case don't make this

22  case any stronger and more compelling.

23         And the reason why, Judge, is because the only

24  evidence that the prosecution has pointed to in this situation

25  about what they have is billing records.

1          And again, like we talked about in September, there is

2   no dispute that these trips occurred, or that Mr. Turnquist went

3   on some of these trips.

4          Again, what is disputed is that there was sexual

5   intercourse that happened on these trips between him and the

6   alleged victim, and that the purpose of the travel was to

7   consummate those sexual acts.

8          And the important part for this court to consider

9   about that regarding the strength of the evidence, is you know

10  the Government talks about corroboration.  What is there to

11  corroborate what MK's allegations are, that sex occurred?

12         We've been through -- and you've been through the

13  papers, Judge.  We have outlined MK's motives at nauseam as to

14  why these allegations were made against Mr. Turnquist.

15         And we've shown, I think, conclusively, that's she's

16  made false allegations in the past; one of which was disproved

17  by video evidence obtained by the police regarding a sexual

18  assault allegation involving somebody else.

19         We've talked about the controlled call that the

20  Government relies upon in this case.  And we've shown, not that

21  it shows these confessions, but that it has multiple denials.

22         And you've been through the transcripts, Judge, and

23  read those denials of him saying I don't know what you are

24  talking about.

25         That didn't happen.  And in not nice words, that

1   didn't happen.  And those kind of things indicate why this case

2   is not as strong as the Government puts forth, even if they

3   bring forward new charges now.

4          We provided a substantial bail package back in

5   September, one that still stands today, where Ms. Turnquist

6   offered to act as a financial surety.

7          Where we put forward conditions that we believe

8   reasonably assure both his appearance, as well as the safety of

9   others in the community, including the alleged victim in this

10  case.

11         Mr. Turnquist indicated he's willing to accept those

12  conditions of release that reasonably assure the safety of the

13  community and his appearance, and the U.S. Probation Office

14  supports that.

15         I know last time we were before you, Carly Turnquist

16  was indicated as a person that Mr. Turnquist would like to live

17  with, and the Government had an issue with that.

18         They didn't believe she was an adequate supervisor

19  because of a witness tampering case that she had that allegedly

20  occurred involving the alleged victim in this case.

21         Well, Judge, it's been several months since that

22  charge was levied, a felony witness tampering charge in a trial,

23  and that case was resolved through a plea to a violation, a

24  fine, and a conditional discharge.

25         So honestly, like we talked about in September of last

1   year, if that was a serious event, do you honestly think the

2   Wyoming County prosecutors would drop that charge down to a

3   violation?  Of course not.  There just wasn't teeth for that

4   charge.

5          With regard to the felony DWI charge that the

6   Government relied upon, saying that she was unfit, we've gotten

7   back the tox screen results.

8          There wasn't any alcohol involved, Judge.  She tested

9   positive for THC, marijuana, as well as prescription drugs

10  provided by her therapist.

11         What we know from the DRE report, is that the officer

12  had no indication that she was high on THC at the time, and that

13  the intoxication at the time she struck a vehicle, which

14  involved hitting a bumper of a car at a red light while parked,

15  involved purely prescription medication, based on his training

16  and experience when he performed the various field sobriety

17  tests, as a trained drug recognition expert.

18         And I know in speaking with Carly Turnquist's

19  attorney, I know that at this point in time, the DA's office has

20  accepted, in Erie County, a diversion program where she goes to

21  drug court, and is willing to accept a reduction from the felony

22  charge if she completes that program successfully.  And we

23  believe that she will.

24         Look, it may have been a mistake for her to drive on

25  that medication, but she's being held accountable for that.  But

1  that's a mistake that people make countless times throughout

2  this country and in this county every single day.

3          There weren't any injuries attributed to either the

4  children in the car, to her, or to the car that she, quote,

5  unquote, struck at the light.

6          And like we talked to you before, if you believe that

7  she's an inadequate supervisor, if you believe she's not up to

8  the task or cannot be trusted, then the net result is not to

9  place Mr. Turnquist in jail.

10          The net result is to find someone else like Patty's

11  (phonetic) house or Mr. Turnquist's father to stay with where

12  there aren't children.

13          And those type of situations will adequately ensure

14  the safety of people in the community, as well as his return to

15  this courtroom for any further proceedings.

16          Regarding the factors that you have to evaluate today,

17  again, the nature and circumstances of the offense, like we

18  talked about back in September, those are not things we are

19  going to argue are not serious.

20          They are on paper, of course, but again, going to that

21  second prong on the weight of the evidence, we think we have

22  made a substantial showing to show you that the charges -- you

23  know, while heinous on paper, are not necessarily going to be a

24  slam-dunk like you see in several cases.

25          And we recognize that there is a rebuttal presumption

1  in this case, Judge.

2          However, we recognize that we have also put forward

3  evidence back in September, as well as today, which shows that

4  Mr. Turnquist is somebody who has been a law-abiding citizen,

5  who does not have a criminal record; does not have a alcohol or

6  drug problem; does not have the classic flags, which should

7  concern judges like yourself when evaluating whether or not

8  someone would be released, and whether or not they are going to

9  be a danger to the community, or whether or not they are going

10  to return back to trial when a court proceeding occurs.

11          His history and characteristics, which is

12  traditionally the most important prong in this test, all of

13  those things talk about someone who is going to show up and

14  abide by conditions, and there is no evidence that he is not

15  going to do that.

16          And with regard to the, you know, possibility, you

17  know, put it that way, that Mr. Turnquist would do something to

18  the alleged victim in this case, or do something to his own

19  biological daughters, again, what is the evidence that you have

20  to evaluate that?

21          Is there a track record that Mr. Turnquist has that's

22  proven by evidence presented before you, other than just in

23  innuendo or words, that he did something to MK physically or

24  violently after this report was made, or before it was made?

25          We have nothing to corroborate any of those

1   allegations, other than what she just said to investigators or

2   said to a Grand Jury.

3          We have nothing to indicate that he presents a danger

4   to his daughters, even if supposing he did for sake of argument,

5   the proper response is not to place him into prison.

6          The proper response is to craft conditions that would

7   reasonably assure the safety of those people, such as not

8   allowing them to have contact with those individuals and placing

9   them in a place where he cannot have contact.

10         I spoke to my client today.  One of the things he said

11  is, look, I want to prepare for my case, and it's very difficult

12  to do that because of COVID, because you and I, as in me, cannot

13  meet together in an office.  Cannot talk except through a glass

14  wall.

15         Cannot do so unless we are masked up.  He can't

16  physically touch the documents that I have.  He can't go through

17  the computer on the digital evidence that I have, which is

18  gigabytes in this situation.

19         And what we ask is that we have that ability, if I

20  need to sit home, in-home confinement in an ankle monitor, and

21  not have access to any of my children, I'm willing do that

22  because I need to fight for my freedom in this case, and I need

23  to fight these charges, and at home is the only place I'm going

24  to be able to do that effectively given the restrictions I have

25  in prison.

1          Those types of things is what the Bail Reform Act

2    talks about in crafting the least-restrictive conditions.  And

3    we believe it is incumbent upon this court to recognize the

4    history and characteristics of the person before you today and

5    craft those conditions.

6          As we said back in September, the Government wants

7    guarantees that nothing is ever going to happen.  Well, that is

8    no such thing that exists under the Bail Reform Act or in

9    reality.

10          There is risk always that something may happen, but

11   what the Bail Reform Act.  And all case law that evaluates that,

12   Judge, talks about, is that there is a favoritism to provide a

13   defendant pretrial context, before they are convicted of

14   anything, liberty, so that they can fight the charges against

15   them in an effective way.

16          And the presumption is that if somebody doesn't

17   necessarily have the history and characteristics or red flags,

18   as I put them earlier, that would suggest they are not able to

19   abide by those conditions, and not willing to appear, then that

20   should cause the district court some concern and perhaps come to

21   the conclusion that nothing will reasonably and adequately

22   assure safety, as well as appearance.

23          But that's not present in this case, Judge.  It's not,

24   and that's why we asked you to release Mr. Turnquist on

25   conditions.

1          **MR. BONANNO:**  Your Honor, briefly.  I would note that

2    this indictment, the superseding indictment, charges multiple

3    instances of this crime, and is stronger because of that,

4    because of the additional corroborating evidence of multiple

5    trips out of state.

6          I'd also note that the jail call in which the

7    defendant referenced to his wife, you got to look up the age of

8    consent in a number of states, now tracks with the indictment as

9    the indictment alleges trips to a number of those states that

10   were referenced in the jail call.

11          Finally, as I noted before, on two of the trips, the

12   victim was 17 years old, and the defendant acknowledged or

13   conceded that he had sex with the victim when she was 17 years

14   old.

15          That was not the case before in the original

16   indictment.  I think this indictment, the superseding

17   indictment, does present more compelling evidence.

18          **THE COURT:**  Okay.  Thank you, Counsel.

19          I find that Mr. Turnquist has not introduced evidence

20   sufficient to rebut the presumption that no condition or

21   combination of conditions will reasonably assure the safety of

22   the community if he were released pending trial.

23          I find the Government has proven by clear and

24   convincing evidence that no condition or combination of

25   conditions will reasonably assure the safety of any other person

1  in the community, and that no combination or combination of

2  conditions exist to assure the safety of other persons in the

3  community.

4          I've considered the factors in 18 U.S.C. 3142(g),

5  including all subsections, and I rely on the reasons previously

6  stated the last time, September 30, 2021, which is Docket 53,

7  and I incorporate that by reference.

8          Everything here today that bears on the issues in

9  3142(g).  And, if anything, in my judgment, the case for

10 detention is stronger, so I'm granting the Government's motion

11 and Mr. Turnquist will remain detained pending trial.

12         The transcript today will be the decision.  A text

13 order will follow.

14         Let's talk about what's next, since we are all here.

15 It sounded a little bit like a preview of what the trial will

16 look like.

17         And I can kind of make some assumptions about how long

18 things will take, but I'll hear from each side about --

19 Mr. Bonanno, how long do you think your case will take, and

20 Mr. Singer, if you will have a case, give me an estimate, so we

21 can start thinking about the trial, and we will talk about the

22 motion that was filed yesterday.

23         **MR. BONANNO:**  Your Honor, I'll stand by my original

24 prediction of one to two weeks.  I think with the superseding

25 indictment alleging five trips out of state, it will take a

In accordance with 28, U.S.C., 753(b), I certify that these

original notes are a true and correct record of proceedings in

the United States District Court for the Western District of

New York before the Honorable John L. Sinatra, Jr.

_s/ Bonnie S. Weber_　　　　　　　April 15, 2022
 Signature　　　　　　　　　　　　 Date

BONNIE S. WEBER

Official Court Reporter
United States District Court
Western District of New York

**A-448**

Criminal Notice of Appeal - Form A

# NOTICE OF APPEAL

### United States District Court

_____ Western _____ District of _____ New York _____

Caption:

United States of America ___ v.

Nicholas Turnquist _____

Docket No.: 21-CR-15-JLS-JJM _____

John L. Sinatra, Jr. _____
(District Court Judge)

Notice is hereby given that _defendant-appellant Nicholas Turnquist_ appeals to the United States Court of

Appeals for the Second Circuit from the judgment ____, other |✔| _interlocutory order detaining the defendant_
(specify)

entered in this action on _March 29, 2022_ .
(date)

This appeal concerns: Conviction only |___| Sentence only |___| Conviction & Sentence |___| Other |✔|

Defendant found guilty by plea |___| trial |___| N/A |✔| .

Offense occurred after November 1, 1987? Yes |___| No |___| N/A |✔|

Date of sentence: _____ N/A |✔|

Bail/Jail Disposition: Committed |✔| Not committed |___| N/A |___|

Appellant is represented by counsel? Yes |✔| No | If yes, provide the following information:

Defendant's Counsel: Robert C. Singer, Esq. (CJA Appointed)

Counsel's Address: Singer Legal PLLC

80 E Spring Street, Williamsville, NY 14221

Counsel's Phone: (716) 222-3288

Assistant U.S. Attorney: AUSA Paul Bonanno

AUSA's Address: U.S. Attorney's Office - WDNY

138 Delaware Ave, Buffalo, NY 14202

AUSA's Phone: (716) 843-5873

_____ Signature

Robert C. Singer, Esq.
Counsel for Defendant-Appellant

**A-449**



**U.S. Department of Justice**

*United States Attorney*
*Western District of New York*

Federal Center                    716/843-5700
138 Delaware Avenue             fax 716/551-3052
Buffalo, New York   14202    Writer's Telephone:   716/843-5852
                                    Writer's fax:   716/551-3052
                                    Monica.Richards@usdoj.gov

April 12, 2022

Catherine O'Hagan Wolfe
Clerk of the Court
United States Court of Appeals
United States Courthouse
40 Foley Square
New York, New York 10007

> Re:    *United States v. Turnquist*
>          Docket No.: 21-2563

Dear Ms. Wolfe:

Pursuant to this Court's order filed on March 11, 2022 (Doc. 60), this is to advise the Court that the parties have conferred regarding further proceedings and of the appellant's intent to supplement his previous filings and to consolidate this case with a new interlocutory appeal filed from a new order of detention entered by the district court on March 29, 2022 (WDNY Docket 21-cr-15, Entries 81 and 84).

The parties have agreed that appellant will file a supplemental brief and/or motion on or before April 27, 2022, and if appellant files a supplemental brief, the government will file a responsive brief on or before three weeks after the filing date, and if a motion is filed, it will file opposition on or before two weeks after the filing date.

Respectfully submitted,

TRINI E. ROSS
United States Attorney

MONICA RICHARDS
Digitally signed by
MONICA RICHARDS
Date: 2022.04.12
08:49:19 -04'00'

BY:    MONICA J. RICHARDS
        Assistant United States Attorney

cc:    Robert C. Singer, Esq.
        (via CM-ECF)

**A-450**

### UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

**Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone : 212-857-8500**

### MOTION INFORMATION STATEMENT

**Docket Number(s):** 21-2563 & 22-757 _____    _____ Caption [use short title] _____

**Motion for:** Consolidation of Appeals pursuant

to FRAP 3(b)(2)

_____

_____

Set forth below precise, complete statement of relief sought:

Defendant-Appellant Nicholas Turnquist seeks an                    United States v. Turnquist

order consolidating his interlocutory appeals in Docket

Nos. 21-2563 and 22-757.

_____

_____

_____

**MOVING PARTY:** Defendant-Appellant Nicholas Turnquist   **OPPOSING PARTY:** Plaintiff-Appellee United States of America

    ☐ Plaintiff    ☑ Defendant

    ☐ Appellant/Petitioner    ☐ Appellee/Respondent

**MOVING ATTORNEY:** Robert C. Singer, Esq   **OPPOSING ATTORNEY:** AUSA Monica Richards

[name of attorney, with firm, address, phone number and e-mail]

Singer Legal PLLC                                              U.S. Attorney's Office - WDNY

80 E Spring Street, Williamsville, NY 14221                    138 Delaware Avenue, Buffalo, NY 14202

rob@singerlegalpllc.com  (716) 222-3288                        monica.richards@usdoj.gov  (716) 843-5700

Court- Judge/ Agency appealed from:  Hon. John L. Sinatra, Jr.

**Please check appropriate boxes:**                                   **FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**

Has movant notified opposing counsel (required by Local Rule 27.1):      Has this request for relief been made below?  ☐ Yes  ☐ No
    ☑ Yes  ☐ No (explain):_____                Has this relief been previously sought in this court?  ☐ Yes  ☐ No
_____                                               Requested return date and explanation of emergency: _____

Opposing counsel's position on motion:                        _____
    ☑ Unopposed  ☐ Opposed  ☐ Don't Know              _____
Does opposing counsel intend to file a response:              _____
    ☐ Yes  ☑ No  ☐ Don't Know                        _____

Is oral argument on motion requested?  ☐ Yes  ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set?  ☐ Yes  ☑ No  If yes, enter date:_____

**Signature of Moving Attorney:**

_____  **Date:** 4/20/22  _____ Service by: ☑ CM/ECF  ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

―――――――――――――――――――

UNITED STATES OF AMERICA,

        Plaintiff-Appellee,

v.                              Nos. 21-2563 & 22-757

NICHOLAS TURNQUIST,

        Defendant-Appellant.

―――――――――――――――――――

### **DEFENDANT-APPELLANT NICHOLAS TURNQUIST'S UNOPPOSED MOTION TO CONSOLIDATE APPEALS**

        For the reasons set forth in the accompanying declaration of Robert C. Singer, Esq., dated April 21, 2022 (Exhibit A), Defendant-Appellant Nicholas Turnquist, hereby moves for an order consolidating his pending interlocutory appeals pursuant to Fed. R. App. Proc. 3(b)(2).

Dated:     April 20, 2022
            Williamsville, New York

                    **SINGER LEGAL PLLC**
                    *Attorneys for Defendant-Appellant Nicholas Turnquist*

                    By:s/ Robert C. Singer, Esq.
                      Robert C. Singer, Esq.
                    80 East Spring Street
                    Williamsville, New York 14221
                    (716) 222-3288
                    rob@singerlegalpllc.com

A-452

**TO:** **United States Attorney's Office**
**for the Western District of New York**
*Counsel for Plaintiff-Appellee United States of America*
Tiffany H. Lee, Esq.
Monica Richards, Esq.
138 Delaware Avenue
Buffalo, New York 14202
(716) 843-5700
Tiffany.Lee@usdoj.gov
Moica.Richards@usdoj.gov

# Exhibit A

**A-454**

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

---

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

v.                                    Nos. 21-2563 & 22-757

NICHOLAS TURNQUIST,

                Defendant-Appellant.

---

## ATTORNEY DECLARATION

        I, ROBERT C. SINGER, ESQ., make this Declaration under penalty of perjury pursuant to 28 U.S.C. § 1746:

        1.     I am an attorney at law duly licensed to practice in the State of New York and this Court and I am Owner of Singer Legal PLLC, attorneys for defendant-appellant Nicholas Turnquist.

        2.     I submit this declaration in support of the defendant-appellant's Unopposed Motion to consolidate his pending interlocutory appeals pursuant to FRAP 3(b)(2).

        3.     Mr. Turnquist was indicted in the Western District of New York in February 2021 with a sexual offense involving his de facto step daughter who was a

**A-455**

minor at the time of the alleged offenses.  When he was arraigned on the federal

charge in February 2021, he initially asked to hold his detention hearing in abeyance

because of another pending state prosecution, but following dismissal of that state

case (and the bail set in it), he renewed his federal request for release from detention.

4.      In September 2021, the Magistrate Judge overseeing pretrial

matters in Mr. Turnquist's federal case granted his release from custody subject to

supervision and other conditions.  The government appealed the Magistrate's release

order to the District Court.  On September 30, 2021, the District Court rescinded the

Magistrate's release order and ordered Mr. Turnquist detained pending trial.

5.      Mr. Turnquist filed a notice of interlocutory appeal on October

11, 2021 and this Court docketed his appeal under Docket No. 21-2563.  In

November and December 2021, Mr. Turnquist and the government filed briefs, the

joint appendix, and a confidential appendix in No. 21-2563.  The Court granted

Mr. Turnquist's request to expedite the appeal, assigned a panel, and set oral argument

in No. 21-2563 for March 16, 2022.

6.      On March 8, 2022, the government filed a superseding indictment

alleging additional counts against Mr. Turnquist.  Mr. Turnquist could not be

produced for arraignment prior to oral argument in No. 21-2563 and, in any event,

the parties were concerned about moving forward with oral argument since the District Court's future decision on detention could moot the appeal pending in No. 21-2563 or cause a situation where the parties would be required to brief the appeal anew. After consulting, the parties filed a joint motion to hold oral argument in abeyance for 30-days pending the District Court's decision on detention. This Court granted that motion, cancelled oral argument, and directed the parties to report back to the Court regarding their intentions by April 13, 2022.

7. On March 29, 2022, the District Court held a detention hearing on the superseding indictment. The parties proceeded by proffer and discussed many of the same points discussed at the first detention hearing in September 2021. Following oral argument, the District Court ordered Mr. Turnquist detained based on many of the same reasons discussed in September 2021. All of these arguments and decisions were extensively briefed already in No. 21-2563.

8. On April 7, 2022, Mr. Turnquist filed a notice of interlocutory appeal regarding the District Court's March 29, 2022 detention decision. Your deponent also ordered a transcript of the hearing, but the production was delayed due to the court reporter's unavailability.

9.      On April 12, 2022, the parties filed a letter in No. 21-2563 updating the Court regarding the parties' intentions.  In short, the parties indicated that they intended to submit further briefing and/or a motion regarding the interlocutory appeal on or before April 27, 2022.

10.      On April 13, 2022, Mr. Turnquist's interlocutory appeal of the District Court's March 29, 2022 detention order was docketed by this Court and assigned Docket No. 22-757.

### The Court should consolidate Nos. 21-2563 & 22-757

11.      Pursuant to FRAP 3(b)(2), "[w]hen the parties have filed separate timely notices of appeal, the appeals may be joined or consolidated by the court of appeals."

12.      Here, the defendant-appellant in Nos. 21-2563 and 22-757 is the same: Nicholas Turnquist.  Mr. Turnquist filed both notices of interlocutory appeal in a timely fashion.  And while consolidation normally occurs for different parties presenting the same or similar issues in different cases, consolidation of these two interlocutory appeals makes sense for the same reasons.  First, both appeals present the same legal questions, arise from the same district court proceeding, and the defendant-appellant in both cases is appealing from the same ruling.  Consolidating

the cases for briefing and argument would spare the parties needless duplication of effort and make the Court's consideration of these appeals easier. Second, the panel scheduled to hear oral argument in No. 21-2563 already has engaged in extensive preparation for this appeal. It has read the parties' extensive briefs as well as the long record in this case. The panel is familiar with the materials that are (and will be) the subject of the more recent interlocutory appeal. As such, consolidating No. 22-757 with the same panel overseeing No. 21-2563 will conserve judicial resources and permit this appeal to be heard in the expedited fashion that it deserves.

13.    Pursuant to L.R. 27.1(b), prior to filing this motion I contacted AUSA Monica Richards, counsel for plaintiff-appellee United States of America. AUSA Richards indicated that she does not oppose this motion and does not intend to file a response.

Dated:     April 20, 2022
           Williamsville, New York

**SINGER LEGAL PLLC**
*Attorneys for Defendant-Appellant Nicholas Turnquist*

By:___s/ Robert C. Singer, Esq._____
        Robert C. Singer, Esq.
80 East Spring Street
Williamsville, New York 14221
(716) 222-3288
rob@singerlegalpllc.com

A-459

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT

1.      This document complies with the word limit of Fed. R. App. P.

27(a)(2)(B) because, excluding the parts of the document exempted by Fed. R. App. P.

32(f), this document contains **905** words.

2.      This document complies with the typeface requirements of Fed.

R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6)

because this document has been prepared in a proportionally spaced typeface using

**Microsoft Word 2016** in **14-point Garamond font**.

Dated:          April 20, 2022
                Williamsville, New York

                **SINGER LEGAL PLLC**
                *Attorneys for Defendant-Appellant Nicholas Turnquist*

                By: s/ Robert C. Singer, Esq.
                    Robert C. Singer, Esq.
                80 East Spring Street
                Williamsville, New York 14221
                (716) 222-3288
                rob@singerlegalpllc.com